DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas that found appellant guilty of three counts of attempted rape and five counts of rape following trial to a jury. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel Michael B. Jackson has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant in his appellate brief and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 5} Counsel indicates that appellant has suggested that the videotape of two interviews at the police station following his arrest should have been suppressed. The record shows that a hearing was held on this issue on April 23, 2002, after which the trial court found that appellant's statements during the interview were made voluntarily. Although the officer who interviewed appellant was not available to testify because he had been called up for active duty in the U.S. Army, the trial court reviewed the complete videotape. The audio portion of the videotape made the first time the officer interviewed appellant did not work, however, so the officer immediately conducted a second interview with appellant. This court has carefully reviewed the portion of the videotape that depicts appellant's interview with the arresting officer. On the second portion of the videotape, the officer can be heard referring to the fact that appellant had been advised of his rights during the first interview and he can be heard reading those rights to appellant again. Appellant appears on the tape to be willing to talk to the officer a second time. It is during the second interview that appellant can clearly be heard making incriminating statements. Appellant also can be seen writing out a statement which the state produced at the hearing. The trial court noted, and this court agrees, that the officer was courteous and straightforward during the interview and that appellant responded to questions with little prompting. Based on those facts, the trial court found that appellant was timely advised of his Miranda rights and that his oral and written statements were made voluntarily. Upon consideration of the foregoing, this court finds that appellant's first proposed argument is without merit.
 {¶ 6} Second, appellant suggests that the victim, his seven-year-old stepdaughter, was not competent to testify. The record shows, however, that the trial court conducted a thorough voir dire of the victim in chambers with counsel present, after which the court determined that, despite being only seven years old, she was competent to testify. Defense counsel agreed with the trial court's ruling.
 {¶ 7} The trial judge has a duty to conduct a voir dire examination of a child less than ten years of age to determine the child's competence to testify. State v. Frazier (1991), 61 Ohio St.3d 247,250-251. In determining whether a child under ten is competent to testify, the trial court must take into consideration: (1) the child's ability to receive accurate impressions of fact or observe acts about which she will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of her responsibility to be truthful. Id. at 251. The determination of competence is within the trial judge's sound discretion. Id. Absent a showing of an abuse of discretion, a reviewing court will not disturb the trial court's ruling. State v. Hogan (June 8, 1995), Cuyahoga App. No. 66956.
 {¶ 8} During its voir dire of the victim, the trial court had the opportunity to observe the child's response to many questions covering a wide variety of topics. At the conclusion of the questioning, the trial court found that she had a good grasp of reality and showed an ability to accurately recall events from her past. We agree and are unable to find that the trial court abused its discretion by finding the victim competent to testify. Accordingly, this court finds that appellant's second proposed argument is without merit.
 {¶ 9} Finally, appellant suggests that he was prejudiced by the fact that, while he is African-American, all of the jurors were Caucasian. There is no evidence in the record to support such a claim and this argument is without merit.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.